IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CR-50-FL
No. 4:18-CV-189-FL

| | |
|---|---|
| CURTIS WASHINGTON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM AND<br>RECOMMENDATION |

This matter comes before the court on the Government's motion to dismiss [DE-78] Petitioner Curtis Washington's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-69], and Petitioner's motion to amend [DE-83]. Responsive briefing is complete [DE-82, -89, -93], and the motions are referred to the undersigned for a memorandum and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss be allowed, Petitioner's § 2255 motion be dismissed, and his motion to amend be denied.

## I. BACKGROUND

Washington pleaded guilty pursuant to a written plea agreement to counts one and two of a seven count indictment. [DE-12, -29, -32]. Count one charged possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, and count two charged distribution of cocaine base (crack) in violation of 18 U.S.C. § 841(a)(1). [DE-12] at 1. The court sentenced Washington to a term of 200 months' imprisonment on each of counts one and two, to be served concurrently, and dismissed the remaining counts. [DE-43, -47]. Washington's conviction and

sentence were affirmed on appeal. [DE-65 through -67].

Washington timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to § 2255, alleging ineffective assistance of counsel for failing to challenge his designation as an armed career criminal and his criminal history score. [DE-69]. Washington later filed a motion to amend his petition to assert a challenge, based on *United States v. Rehaif*, — U.S. —, 139 S. Ct. 2191 (2019), to his § 922(g) conviction for possession of a firearm by a convicted felon. [DE-83]. The Government moved to dismiss the petition and opposed the motion to amend. [DE-78, -89].

## II. LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164–65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petitioner seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of

2

proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-97-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.     Rule 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

A. **Ineffective Assistance of Counsel Claims**

Washington contends that he received ineffective assistance of counsel because his attorney failed to (1) argue that Washington's prior offence of conspiracy to commit robbery was not a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), (2) object to the use of Washington's prior consolidated offenses as separate ACCA predicates, and (3) object to Washington's criminal history score calculation. Pet'r's Mem. [DE-69-1] at 3–10.

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *United States v. Murillo*, 927 F.3d 808, 815 (4th Cir. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984)). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

4

## 1. Armed Career Criminal Enhancement

Washington contends that he received ineffective assistance of counsel because his attorney failed to argue that Washington's prior offense of conspiracy to commit robbery was not a predicate offense under the ACCA and that his prior consolidated offenses should not count as separate ACCA predicates. Pet'r's Mem. [DE-69-1] at 3–9. The Government counters that counsel was not deficient in raising these arguments because Washington had prior convictions, independent of his conspiracy conviction, that qualified him for the ACCA enhancement, and treatment of his convictions as separate unconsolidated occurrences was reasonable. Gov't's Resp. [DE-79] at 4–6.

The ACCA subjects a defendant who qualifies as an armed career criminal to a mandatory minimum 15-year term of imprisonment "if he has three prior convictions for 'a violent felony or a serious drug offense, or both, committed on occasions different from one another.'" *United States v. Burns-Johnson*, 864 F.3d 313, 315–16 (4th Cir.) (quoting 18 U.S.C. § 924(e)(1)), *cert. denied*, 138 S. Ct. 461 (2017). An offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [the enumerated offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Id.* at 316 (quoting 18 U.S.C. § 924(e)(2)(B)).

Washington's Presentence Investigation Report ("PSR") identified, as predicate violent felonies for purposes of the ACCA, prior convictions for nine counts of robbery with a dangerous weapon and a prior conviction for first degree kidnapping. [DE-39] ¶ 54; *See United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) (explaining defendants are entitled to notice of the

enhancements and convictions on which the government intends to rely, and such notice is typically given through the PSR). The Fourth Circuit rejected Washington's argument on appeal that his North Carolina convictions for robbery with a dangerous weapon were not proper ACCA predicates. *United States v. Washington*, 727 F. App'x 779, 780 (4th Cir. 2018) (citing *Burns-Johnson*, 864 F.3d at 315 (holding that North Carolina robbery with dangerous weapon categorically qualifies as violent felony under ACCA's force clause)). The Fourth Circuit did not reach the issue of whether Washington's convictions should be counted as separate offenses, finding he waived appeal by withdrawing his objection at sentencing. *Id.* If at least three convictions for robbery with a dangerous weapon are properly considered separate offenses for the purpose of the ACCA enhancement, then whether Washington's prior offense of conspiracy to commit robbery was a predicate offense under the ACCA is a moot point.

Washington contends that because his prior convictions were consolidated in a single judgment, they cannot count as separate predicate offenses for purposes of ACCA. Pet'r's Mem. [DE-69-1] at 7–9. In *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), the Fourth Circuit held that "a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the *career offender* enhancement." *Id.* at 219 (emphasis added). However, *Davis* does extend to the ACCA. *See United States v. Bruton*, 589 F. App'x 91, 92 (4th Cir. 2014) (rejecting contention that three North Carolina convictions for burning certain buildings should be counted as only one predicate offense for the purpose of the ACCA because they were consolidated for judgment). The Fourth Circuit explained in *Bruton* that "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses," and "[t]he only requirement [for applying the ACCA] is that the predicate offenses be committed on occasions different from one another." *Id.* at 92 (quoting

6

*United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992)). Washington committed robbery with a dangerous weapon on nine different occasions, May 29, 2003, July 6, 7, 17, 25, 29, and 30–31,[1] 2003, and August 5 and 11, 2003, and each involved a different victim. PSR [DE-39] ¶¶ 15, 17. These factors support treating each conviction as a separate qualifying offense for purposes of the ACCA. *United States v. Linney*, 819 F. 3d 747, 751 (4th Cir. 2016) (explaining that an offense is committed on a difference occasion if it "arose out of a 'separate and distinct criminal episode'") (quoting *United States v. Boykin*, 669 F.3d 467, 470 (4th Cir. 2012)). As a result, Washington had the requisite three violent felony predicates to support an enhanced sentence under the ACCA without consideration of the prior conspiracy to commit robbery offense. Washington's counsel was not deficient in failing to challenge Washington's status as an armed career criminal, and Washington suffered no prejudice. Accordingly, it is recommended that this claim be dismissed.

### 2. Criminal History Score

Washington contends that he received ineffective assistance of counsel because his attorney failed to object to the criminal history score calculation, which he claims was erroneously increased from nine to twelve. Pet'r's Mem. [DE-69-1] at 10. The Government asserts that this claim should be dismissed because Washington provided no facts or details explaining the alleged deficiency. Gov't's Resp. [DE-79] at 7.

Washington has failed to allege the necessary factual allegations to support his claim that his criminal history score was overstated by three points. A letter from Washington's attorney to the United States Probation Officer containing objections to the PSR, which objections were later withdrawn, [DE-53] at 5–6, states that his criminal history score should be nine rather than twelve based on U.S.S.G. § 4A1.2. [DE-69-5] at 4 ¶ 4. However, the letter, like Washington's petition,

---

[1] The PSR indicates one of the offenses of robbery with a dangerous weapon was committed between July 30 and 31, 2003.

provides no specificity as to the error under § 4A1.2, which broadly provides instructions for calculating the criminal history score. *Id.* Legal conclusions must be supported by factual allegations, *Iqbal*, 556 U.S. at 679, and Washington failed to provide any factual support for this claim. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (citations omitted). Washington has failed to meet the minimum pleading standard for this claim, and it is recommended that this claim be dismissed.

**B.   *Rehaif* Claim**

Washington seeks to amend his petition to assert a challenge, based on *United States v. Rehaif*, — U.S. —, 139 S. Ct. 2191 (2019), to his § 922(g) conviction for possession of a firearm by a convicted felon. [DE-83].

Amendment of a § 2255 pleading is governed by Fed. R. Civ. P. 15. *See Powell v. United States*, No. 5:04-CR-356-F-1, 2014 WL 7182940, at *16 n.6 (E.D.N.C. Dec. 16, 2014) (citing *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)). Washington did not file his motion to amend within the time period for amendment as of right, and the Government did not consent to amendment. Fed. R. Civ. P. 15(a), (b). Nevertheless, the court may still permit amendment, and "leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Leave to amend should also be denied when amendment would be futile. *Id.* (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).

The Fourth Circuit issued its mandate on July 17, 2018. [DE-67]. Washington's

8

conviction, therefore, became final ninety days later on October 15, 2018, when the time for filing a petition for certiorari with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Washington filed his motion to amend on July 26, 2019, within the one-year limitations period. Therefore, Washington timely raised the *Rehaif* claim within one year of the date his judgment of conviction became final in conformity with § 2255(f)(1) and his claim is not time-barred.

The Government argues that *Rehaif* does not apply to the issue Washington attempts to raise in his motion, his claim would be procedurally defaulted because he failed to raise it on appeal, and his claim lacks merit because he pleaded guilty to knowingly possessing a firearm. Gov't's Resp. [DE-89] at 4–6. In Washington's motion to amend he argues that the Government failed to present proof he knowingly possessed a firearm, which he contends violates *Rehaif*. Mot. to Am. [DE-93] at 2–3. The Government correctly points out that it has long been required to prove knowing *possession*, and the issue in *Rehaif* was whether it had to prove a defendant knew of his relevant *status*. Gov't's Resp. [DE-89] at 4–5 (citing *United States v. Gilbert*, 43 F.3d 215, 218 (4th Cir. 2005)). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The defendant in *Rehaif* was convicted at trial for possessing firearms as an alien unlawfully in the United States in violation of § 922(g)(5) and § 924(a)(2). *Id.* at 2194. There are nine categories of individuals prohibited from possessing firearms under § 922(g), including felons, § 922(g)(1). The Fourth Circuit recently recognized that to be guilty of the offense of possession of a firearm by a felon under § 922(g)(1), "the individual must knowingly possess a firearm and know that he had been 'convicted' of such an offense when he possessed it."

9

*United States v. Smith*, 939 F.3d 612, 614 (4th Cir. 2019) (citing *Rehaif*, 139 S. Ct. at 2194). Washington filed his motion to amend *pro se* and clarifies in his reply that he is arguing he did not know his relevant status, i.e., a felon, and is, thus, actually innocent. Pet'r's Reply [DE-93] at 2–6. The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, the undersigned will consider the *Rehaif* argument as clarified in Washington's reply.

Washington's *Rehaif* claim is procedurally defaulted. Washington did not raise this claim on direct appeal. *United States v. Washington*, No. 17-4664, Appellant's Br. [DE-20] (4th Cir. Feb. 2, 2018). "Generally, 'claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice' or 'actual innocence.'" *Berry v. United States*, No. 5:08-CR-247-FL-1, 2019 WL 6879349, at *7 (E.D.N.C. Dec. 17, 2019) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel'" may constitute cause for a procedural default. *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). However, the issue in *Rehaif* has been previously litigated in the lower courts and is not novel. *Rehaif*, 139 S. Ct. at 2210 n. 6 (Alito, J., dissenting) ("[A]ll the courts of appeals to address the question have held that it does not apply to the defendant's status."). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citation omitted). Washington was incarcerated for more than six years, from 2005 to 2011, as a result of his state court felony convictions for kidnapping and nine counts of robbery with a dangerous weapon. PSR [DE-39] ¶¶ 15–17. In light of having previously served a lengthy prison sentence, Washington cannot reasonably argue that he was unaware of his status as a felon, i.e., having been convicted

10

of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. § 922(g)(1), when he possessed a firearm on or about May 18, 2016. *See Berry v. United States*, 2019 WL 6879349, at *7 (rejecting *Rehaif* claim as procedurally defaulted where petitioner could not show cause and prejudice or actual innocence because he had served terms of 21 months and seven years in prison prior to possessing the firearm resulting in the § 922(g)(1) charge); *Fleury v. United States*, No. 16CV4712 (DLC), 00CR076 (DLC), 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019) (finding *Rehaif* claim not raised on direct appeal was procedurally defaulted). Because Washington can show neither cause nor actual innocence, his *Rehaif* claim is procedurally defaulted. Accordingly, it would be futile to allow amendment of the petition, and it is recommended the motion to amend be denied.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that the Government's motion to dismiss [DE-78] be ALLOWED and Petitioner's § 2255 petition [DE-69] be dismissed and his motion to amend [DE-83] be denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **January 16, 2020** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14**

days of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the 2nd day of January 2020.

/s/ Robert B. Jones, Jr.
Robert B. Jones, Jr.
United States Magistrate Judge