IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-50-FL-1
NO. 4:18-CV-189-FL

| | | |
|---|---|---|
| CURTIS WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 69) and for resentencing (DE 83), and on respondent's motion to dismiss (DE 78). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 94), wherein it is recommended that the court deny petitioner's motions and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, denies petitioner's motion for resentencing, and grants respondent's motion to dismiss.

## BACKGROUND

Petitioner pleaded guilty on April 11, 2017, pursuant to a written plea agreement, to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g) (count one); and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count two). On October 12, 2017, the court sentenced petitioner to 200 months'

imprisonment on both counts, to run concurrently. Petitioner noticed direct appeal of the court's judgment, and the United States Court of Appeals for the Fourth Circuit affirmed on June 25, 2018.

Petitioner filed the instant motion to vacate on November 19, 2018, alleging that his sentencing enhancement under the Armed Career Criminal Act ("ACCA") was erroneous, and that his counsel provided ineffective assistance by failing to object to certain predicate convictions used to establish the ACCA enhancement, and by failing to object to his criminal history score. Respondent filed the instant motion to dismiss on February 25, 2019, arguing that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss was briefed fully.

On July 26, 2019, petitioner moved for resentencing on the basis of <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). The magistrate judge construed the motion for resentencing as an attempt to amend the pending motion to vacate and ordered respondent to file response. In M&R entered January 2, 2020, the magistrate judge recommends dismissal of the § 2255 motion where petitioner's ACCA enhancement remains valid, petitioner fails to establish a claim for ineffective assistance of counsel, and because the <u>Rehaif</u> claim was procedurally defaulted. Petitioner filed objections to the M&R on February 28, 2020. By order entered December 28, 2020, the court held this matter in abeyance pending Supreme Court review of <u>United States v. Gary</u>, 954 F.3d 194 (4th Cir. 2020). Following the Supreme Court's decision in <u>Gary</u> on June 14, 2021, petitioner filed supplemental brief in support of his objections to the M&R on December 6, 2021.

2

Case 4:16-cr-00050-FL   Document 117   Filed 01/05/22   Page 2 of 5

# DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge cogently addressed the grounds for dismissal of the instant § 2255 motion in the M&R. In particular, petitioner's ACCA enhancement is valid because his predicate convictions for robbery with a dangerous weapon are violent felonies under the ACCA. See United States v. Burns-Johnson, 864 F.3d 313, 315 (4th Cir. 2017); United States v. Washington, 727 F. App'x 779 (4th Cir. 2018) (upholding petitioner's ACCA sentence on direct appeal based on this same reasoning). The predicate convictions were counted separately because they were committed on different dates and involved different victims. See 18 U.S.C. § 924(e)(1). The fact that the North Carolina courts consolidated the predicate convictions for judgment and sentencing does not require federal courts to count them collectively as one conviction. See United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) ("Nothing in [the ACCA] suggest that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses. The only requirement [under the ACCA] is that the predicate offenses be committed on occasions different from one another"); see also United States v. Bruton, 589 F. App'x 91 (4th Cir. 2014) (affirming that Samuels remains binding precedent in this circuit). Moreover, the magistrate judge correctly found that petitioner failed to allege any facts supporting his conclusory assertion that his criminal history score was erroneous. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). And, finally, petitioner's Rehaif claim is procedurally defaulted. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021); see also Green v. United States, No. 5:17-CR-363-FL-1, 2021 WL 6008014, at *2 (E.D.N.C. Dec. 20, 2021). Upon de novo review of the claims asserted

4

and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 94). Petitioner's motion to vacate, set aside, or correct his sentence (DE 69) is DISMISSED, and respondent's motion to dismiss (DE 78) is GRANTED. Petitioner's motion for resentencing (DE 83), construed as a motion to amend the habeas petition, is DENIED. A certificate of appealability also is DENIED. The clerk is DIRECTED is close the instant § 2255 proceedings.

SO ORDERED, this the 5th day of January, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge